Nash, J.
 

 The object of the bill is to set up a lost bond against the estates of the two Mr. Vicks. Courts of Equity originally obtained jurisdiction in such matters,
 
 *333
 
 upon the ground, that in a Court of law, the plaintiff could not obtain redress, for the reason, that he could not make profert of the bond. This reason has long ceased, and with it the jurisdiction acquired by Courts of Equity would also, in all probability, have ceased, but for the rules adopted there, in granting relief. The Courts of Equity, in doing justice to the plaintiff, will also take care he shall do justice to the defendants, they requiring him to indemnify the defendants against the bond. It is not in the nature or composition of a Court of law to cause the indemnity to be given, or to adjust its terms. Equity, therefore, has retained this jurisdiction, equally beneficial to the obligee and the obligor, because the relief afforded is more complete, adequate and perfect, than at law. 1
 
 Story’s Eq.
 
 418. When the plaintiff has given to this Court jurisdiction of the case, by his affidavit, the cause is then tobe tried by those rules of evidence, which are common to both tribunals. The first thing for the plaintiff to do, in this case, was to prove, by competent testimony, the existence of the bond, alleged to be lost. He must show, that it was, in law, a perfect instrument. He, in his bill, affirms such to be the fact — the laboring oar is on him ; and a Court of Equity ought not, and will not grant him relief, when his testimony leaves that fact indoubt and uncertainty. In general, rules of evidence in Courts of Equity are the same as in Courts of law. In this case, then, it is necessary the plaintiff should show, that the instrument was perfected in all its parts — that it had been sealed and delivered by the party, he seek to charge. If the action were at law, and the paper had a subscribing witness, it would be necessary to prove the execution by him. The plaintiff has filed the deposition of Mr. Taylor, who, he alleges, was the subscribing witness. He states, that he was present at the settlement, wrote the bond, saw Josiah Vick sign it, as surety for S. W. W. Vick, and that he signed it, as a witness.
 
 *334
 
 This took place some where about 1842 or 1843, and he
 
 thinks Mr. Deans took it.
 
 Delivery is an essential part of a deed, without which, though the paper may be signed and sealed, it is not a deed. Mr. Taylor leaves this important fact in doubt, and the other testimony, if it does not increase the doubt, does not remove it. A witness of the name of A. D. Barnes states, that he saw the bond, which was given by Samuel W. W. Vick upon the setstlement, at which ho was present, “and he
 
 believes
 
 Josiah Vick was a security to the said bond, though he has noi distinct recollection of this.” J. D. W. Barnes states, that in 1842 or 1843, he met with Mr. Josiah Vick coming out of the Court House, who stated to him, that he had told David, that he would have the bond filled up for Samuel Vick, and he was going out to look for security. In another deposition he states, that when he met him as above stated, he had a bond in his hands, which, he said, he was going to have filled up. On their way home the same night, Vick told him the bond was not yet filled up. About a month before J. Vick’s death he told him at his mill he would have that bond to pay. We cannot say the testimony satisfies us, that the paper ever was delivered by Josiah Vick. Not one of the witnesses proves it. Mr. Taylor, who wrote the paper, and states that Vick signed it, only thinks the plaintiff took it. Immediately after, however, it .is seen in the hands of Josiah Vick, who stated he was going out to get security. The plaintiff in his bill alleges, that he handed it to him, at his request, but no witness proves it, and subsequently Josiah Vick stated to Barnes, that the bond is not yet filled up. A remarkable circumstance in the case is, that the witnesses who speak to time can none of them fix it, even as to the year. Such want of memory is not calculated to beget much confidence in the correctness of these statements. If the facts were such as the bill states,it is very extraordinary that the plaintiff did not sooner
 
 *335
 
 commence his action. He alleges that the transaction took place in 1842, and he did not file his bill until October 1846, and not until both Samuel Vick and Josiah Vick were dead. His allegation, that he frequently demanded the bond of Josiah, is not proved. For four years and more, he suffers this paper to remain in the hands of Josiah without even a demand for it — 4he thing is strange and unaccountable. The case is not without its difficulties on the part of the defendants ; but as it was the duty of the plaintiff to sustain his allegations, by sufficient testimony, whatever doubts we may have, we cannot declare
 
 t
 
 that the paper writing ever was delivered by Josiah Vick as his deed. If the bill had been filed during the life of Josiah Vick, the plaintiff would have been entitled to his evidence, as to the delivery, and the Court might have been freed from the necessity of groping in the dark after probabilities, and if the plaintiff sustains an injury, it
 
 is
 
 the consequence of his own folly.
 

 Per Curiam.
 

 Bill dismissed with costs.